UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-62108-AUGUSTIN-BIRCH

SHERMAN BALLARD,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Defendant Equifax Information Services, LLC's Motion to Dismiss. DE 7. The Motion to Dismiss is fully briefed at docket entries 7, 9, and 10. Plaintiff Sherman Ballad also filed a notice of supplemental authority at docket entry 12. In addition, Plaintiff moved for leave to file a sur-reply. DE 11. The Court denied that motion, explaining that the Court would order a sur-reply if it determined that one is warranted. DE 13. The Court has carefully reviewed the briefing and the record and is fully advised in the premises. A sur-reply is unnecessary for the Court to resolve the Motion to Dismiss. For the reasons set forth below, Defendant's Motion to Dismiss [DE 7] is **DENIED**.

Plaintiff's Complaint pled one count of violation of 15 U.S.C. § 1681g(a), which is a section of the Fair Credit Reporting Act ("FCRA"). DE 1. Plaintiff alleged that he requested a copy of his consumer file from Defendant. *Id.* ¶ 9. Upon receipt of the file from Defendant, he discovered that it "omitted the full Account Numbers" and was "Missing Account Information and Payment History." *Id.* ¶ 12. Plaintiff listed the missing and incomplete information in the Complaint. *Id.* ¶¶ 14–15. He contended that the incomplete file violated the FCRA. *Id.* ¶ 41.

Under the FCRA, "[e]very consumer reporting agency shall, upon request, . . . clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). "The term 'file', when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." *Id.* § 1681a(g). A consumer may bring a private cause of action for an FCRA violation. *See* §§ 1681n, 1681o.

Defendant moves to dismiss the Complaint, arguing that Plaintiff did not state a claim for violation of § 1681g(a)(1) because the alleged missing and incomplete information was not of a type that would be included on Plaintiff's credit report and bear on his creditworthiness. Defendant cites out-of-circuit caselaw for the proposition that the "file" required under § 1681g(a)(1) to be disclosed to the consumer must contain only that information that would be included in the consumer's credit report. *E.g., Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1101 (9th Cir. 2022) ("[A] consumer's file includes all information on the consumer that is recorded and retained by a [consumer reporting agency] that might be furnished, or has been furnished, in a consumer report on that consumer." (emphasis and quotation marks omitted)); *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909–10 (7th Cir. 2007) (interpreting the FCRA together with legislative history and guidance from the Federal Trade Commission to conclude that "file" under § 1681g(a)(1) "means information included in a consumer report").

The Court need not determine at this juncture whether Defendant is correct that the "file" required under § 1681g(a)(1) to be disclosed to the consumer must contain only that information that would be included in the consumer's credit report. That is because, even if the Court accepts Defendant's legal proposition as being correct, Plaintiff has alleged that information that was missing or incomplete when he received his file is information that is included in his credit report.

DE 1 ¶ 16 ("When Equifax produces and sells reports regarding Mr. Ballard to third parties, the full account numbers, missing account information and payment history are included in its reports."). The Court must take this allegation as true at this stage of the litigation. *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 835 (11th Cir. 2025) ("When considering a motion to dismiss, we accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." (quotation marks omitted)). Thus, even if the Court accepts the legal proposition on which the Motion to Dismiss is based, the Motion to Dismiss is due to be denied.

Accordingly, Defendant's Motion to Dismiss [DE 7] is **DENIED**. Defendant must file an answer to the Complaint by **December 24, 2025**. Also by **December 24, 2025**, the parties must file a joint scheduling report that complies with Southern District of Florida Local Rule 16.1(b).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of December, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE